**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN THE BANKRUPTCY MATTER OF:

Jonathan David Trapani and Christina Mayton Trapani

Debtor(s)

Chapter 13   No.   13-16559

Judge   Pamela S. Hollis

Hearing Date: 3/19/2014

**NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

To:  Jonathan David Trapani and      Marilyn O. Marshall        Mohammed O. Badwan
     Christina Mayton Trapani        224 South Michigan          Sulaiman Law Group, LTD
     2300 Central Road               Ste 800                     900 Jorie Blvd Ste 150
     Rolling Meadows, IL 60008       Chicago, IL 60604           Oak Brook, IL 60523

PLEASE TAKE NOTICE that on March 19, 2014 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis in Room 644, Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present the attached motion, at which time and place you may appear if you wish.

/s/Meredith S. Fox
Meredith S. Fox

**PROOF OF SERVICE**

I, the undersigned, an attorney, certify that I served the Debtor(s) by regular mail at the address above, and Mohammed O. Badwan and Marilyn O. Marshall through the Court ECF system on or before March 5, 2014.

/s/Meredith S. Fox
Meredith S. Fox

Meredith S. Fox, ARDC #6309023
Kluever and Platt, LLC
65 E. Wacker Pl., Ste. 2300
Chicago, IL 60601
(312) 236-0077

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, (the "Act"), 15 U.S.C. § 1601

WE UNDERSTAND THAT Jonathan David Trapani and Christina Mayton Trapani (THE "DEBTOR(S)") ARE/IS UNDER THE PROTECTION OF THE BANKRUPTCY CODE. THIS NOTICE IS NOT A REQUEST FOR PAYMENT AND IS SENT SOLELY FOR INFORMATIONAL PURPOSES.

1. Kluever & Platt, LLC (the "Firm") is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Jonathan David Trapani and Christina Mayton Trapani
c/o Mohammed O. Badwan
Sulaiman Law Group, LTD
Oak Brook, IL 60523

2. The creditor is the Movant of the attached pleading. The creditor as named in the attached Motion for Relief from Stay is the creditor to whom the debt is owed.

3. The amount of the debt is stated in paragraph 7 of the attached Motion for Relief from Stay. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown in Paragraph 7 to your mortgage servicer, an adjustment may be necessary after they receive your check. If you are represented by counsel and need further information, please have your attorney contact our office. If, on the other hand, you are not represented by counsel and require further information, please contact our office.

4. The debt described in the Motion for Relief and evidenced by the copy of the mortgage and note will be assumed to be valid by the Firm, unless the debtor(s), within thirty days of the receipt of this notice, dispute(s) the validity of the debt, or some portion thereof.

5. If the debtor(s) notify the Firm in writing (at the address below in paragraph 8) within thirty days of receipt of this notice that the debt or any portion thereof is disputed, the Firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor(s) by our Firm.

6. If the creditor named in the attached Motion for Relief from Stay is not the original creditor, and if the debtor(s) make(s) a written request to the Firm within thirty days of receipt of this notice, the Firm will mail the name and address of the original creditor to the debtor(s).

7. The above described rights pertains to your dealings with the Firm as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time at which you must object to the motion. The notice of the motion/other pleading is a command from the court, not from the Firm, and you must follow its instructions even if you dispute the validity or amount of the debt. The advice in this notice does not affect the Firm's relations with the court and we may file papers in the suit according to the court's rules and the judge's instructions.

8. Written requests should be addressed to Kluever & Platt, LLC, 65 E. Wacker Place, Ste. 2300, Chicago, IL 60601. Telephone 312-236-0077.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re:

*Jonathan David Trapani and Christina Mayton Trapani*,

  Debtor(s).

Chapter 13
Case No. 13-16559

**MOTION FOR RELIEF FROM AUTOMATIC STAY
(REAL PROPERTY)**

Bank of America, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 2300 Central Road, Rolling Meadows, IL, 60008 (the "Property"). The Required Statement is attached hereto as Exhibit "D", in accordance with Local Rule 4001-1. In further support of this Motion, Movant respectfully states:

1.  A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on 4/20/2013.

2.  A Chapter 13 Plan was confirmed on 8/21/2013.

3.  The Debtor(s) has/have executed and delivered or is/are otherwise obligated with respect to that certain promissory note in the original principal amount of $244,615.00 (the "Note"). A copy of the Note is attached hereto as Exhibit "A". Movant is an entity entitled to enforce the Note.

4.  Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit "B".

5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage, a copy of which is attached hereto as Exhibit "C".

6. Bank of America, N.A. services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor(s) obtain(s) a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

7. As of the 02/14/2014, the outstanding amount of the Obligations is: $257,604.06.

8. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested herein, Movant has also incurred $826.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor(s):

| Number of Delinquent Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 10 | 05/01/2013 | 02/01/2014 | $1,894.90 | $18,949.00 |

Total: $18,949.00

10. The estimated market value of the Property is $140,378.00. The basis for such valuation is the Debtor(s)' schedules.

-4-

11. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $257,604.06.

12. Cause exists for relief from the automatic stay for the following reasons:

   (a) Movant's interest in the Property is not adequately protected.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

4. For such other relief as the Court deems proper.

March 5, 2014,

/s/Meredith S. Fox

Meredith S. Fox, Kluever and Platt, LLC
65 E. Wacker Pl., Ste. 2300
Chicago, IL 60601
312-236-0077